Pomerene, J.
This case was beard upon a motion to suspend the injunction which had been made perpetual by the decree of the court of common pleas.
The petition in the case charges, or sets forth, that one Prof. Rusk was employed in 1895, by the Board of Education of this School District for a period of two years. That he served one year as teacher and received his pay therefor, and was about to enter upon a second term of the school *208 year, commencing September, 1896. That the Board of Education, as now constituted, .has attempted to employ a man by the name of Green to act as Superintendent, and threatens, to interfere with Rusk acting as superintendent of the schools for the year 1896-7, and prays for an injunction that they may be restrained — the Board of Education and Green — from in any manner interfering with Rusk in his superintendency and management of the schools for that year.
Now, to this petition there is an answer, which admits two averments of the petition, and denies each and every other allegation of the petition.
The answer is very broad, and, perhaps, denies more than .it was intended to deny. It goes to the extent of denying that these plaintiffs are tax-payers and residents of this School District. It denies the employment of Rusk in 1895 for the period of two years. It denies that Rusk taught or superintended for a period of one year. That is a general denial to each that far. It denies that he entered upon his duties as superintendent. Denies that the Board of Education had prescribed certain rules of study for said school, and denies that Green or the Board of Education in any way attempted to interfere with Rusk as superintendent of the schools; but admits the fact, as averred in the petition,that, at the time of the employment of Green, the clerk of the Biard had not certified that there was money in the treasury to pay, or that a levy had been made to pay, for the services of a teacher.
This is submitted upon a motion to suspend the injunction which had been allowed.
To make the injunction perpetual, would- leave Rusk in the control and - management of the schools, as superintendent. ■ •
To suspend the .injunction, would leave the school in the management, and control of the Board of Education of the Pataskala School District.
*209 We regret very much that a case of this kind is in this court, because no conclusion that this court can arrive at will render satisfaction to all the parties of that district, or can produce harmony in that School District. These quarrels arising in a school district cannot do much else than result in harm. Yet, the court has nothing to do with that. It has to pass upon this question as we think the law fixes the rights and powers of the parties.
We were cited by counsel for the plaintiffs to a cáse in the 10 O. O. Rep., and we think the syllabus of the case would apply to this case, and to all cases .of this kind. (Page 876):
“In the distribution of powers under the constitution of Ohio, certain political and civil powers are vested in certain public bodies, and these bodies, in the exercise of their powers,cannot be intefered with by other bodies or the courts.
“Gourts, however, have the power to enjoin when such bodies or officials are proceeding to make illegal contracts, and to some extent to interfere where there is a gross abuse of power. But courts have no power to set their opinion .or discretion against that of the body or officials acting within the scope of their powers.
I read that because it was cited by counsel for the plaintiffs, and we think that the principles laid down there are applicable to this case, and which we fully endorse.
The control and management of the schools of this state are given the boards of education,given by the statute to the boards of education, and these boards cannot be interfered with in any manner by the court unless there is a gross abuse of the discretionary powers given.
One of the powers given to the board of education is to employ teachers. Another is to provide necessary facilities for the school. Another is to regulate a course of study. That may be done by boards of education, and we think that the legislature has vested that power iu the board of education, and that cannot be’ interfered with by courts, unless there is seemingly a gross abuse of discretion.
*210 Now, how does this case stand, as shown by the testimony ?
It appears from the affidavits, and from the record, as introduced by the parties for the motion, that this man Green was employed on the 28th day of May, 1896, for the period of one year, at the salary of eighty dollars per month. The minutes of the Board of Education were introduced in evidence, and read and show this:
“The Board met; all present; minutes read and approved; it is moved that we now proceed to the election of a superintendent. On motion E. W. Green was elected superintendent at a salary of eighty dollars per month. Yea: Ashbrook, Hawley, Edgerley and Framble: 4. Nay: Atkinson and Smith: 2. Clerks salary fixed at ten dollars for last year and fifteen dollars for the present year.”
Here it appears, that there was a majority of the Board of Education as thus constituted, and by a vote of four to two, this man Green was elected superintendent for the ensuing year.
Is this act illegal ?
It is claimed that this was not in accordance with the rule laid down by the Supreme Court in the case found in the 52 Ohio St., inasmuch as it does not state that the roll was called in pursuance of section 3982.
It is true that it does not state that the roll was called; but, by reading that case through, it clearly shows the yea and nay vote; and we think it is a substantial compliance with section 3982, and is so construed by the Supreme Court in the case named.
Another question is raised, that the appointment was illegal at the time of the employment of Green; that he had not a certificate, under the section of the statute requiring or stating that boards of education shall not employ teachers without having a certificate to teach the branches.
In the 22 Ohio St. 194, it is laid down as the rule that if the certificate is obtained before the time of commencing the school labor, that that is sufficient.
J. B. Jones and Fulton & Fulton, on behalf of Jacob S. Youmans et al.
Edward Kibler and John David Jones, on behalf of the Board of Education, etc.
There are some other questions that are claimed on the part of the motion here: that this petition is insufficient from the fact that these tax-payers cannot maintain this suit. And we are cited to section 1277-8 and section 1777-8 of the statute,
We do not think that either of these sections apply to this kind of a case. Sections 1277 and 1278 apply to the funds of the county. The prosecuting attorney may act,and on his failure, after being requested, any tax payer may, etc.
Sections 1777 and 1778 apply to municipal corporations; but neither one of these sections have any application here; and a tax-payer may commence a suit to restrain the board of education from doing an illegal act; and authority would be found for such a construction in the case in 35 Ohio St., 143.
Being of the opinion that for this court to interfere with the action of the board of education in the management of the schools in a matter that particularly belongs to them by statute, is something that this court has no right to do, this motion is sustained.